IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL G. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-119 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael G. Powell ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") payments under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to September 29, 2004, Plaintiff filed for DIB on October 25, 2004. Tr. ("R."), pp. 95GG-95KK. His application was denied initially and on reconsideration. R. 71-74, 76-79. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 31, 2007. R. 390-417. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well

as a Vocational Expert ("VE"). R. 391. On November 29, 2007, the ALJ issued an unfavorable decision. R. 11-17. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 29, 2004, the alleged onset date. 20 C.F.R. §§ 404.1520(b) & 404.1571 *et seq.*

2. The claimant has the following severe impairment: degenerative disc disease of the lumbar spine. 20 C.F.R. § 404.1520(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. §§ 404.1520(d), 404.1525 & 404.1526.

4. The claimant has the residual functional capacity ("RFC") to perform medium work,[1] except that claimant can occasionally bend, stoop, and climb ladders, ropes, and scaffolds. The claimant is able to perform past relevant work as a foam machine operator. 20 C.F.R. § 404.1565.

R. 13-16. Because the ALJ determined that Plaintiff had the ability to perform past relevant work, the sequential evaluation process stopped, see 20 C.F.R. § 404.1520(a)(4)(iv), and the ALJ concluded that Plaintiff was not "under a disability, as defined in the Social Security Act, from September 29, 2004 through the date of this decision." R. 16.

When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review his case, Plaintiff filed the current civil action in the United States District Court for the Southern District of Georgia, requesting a

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

2

reversal or remand of the adverse decision. Specifically, Plaintiff contends that the ALJ erred by (1) discrediting his subjective complaints of pain, and (2) not giving substantial weight to the opinion of his treating physician, Dr. Richard S. Epter. (See generally doc. no. 9) (hereinafter "Pl.'s Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual

findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

As noted above, Plaintiff argues that the ALJ erred in evaluating Plaintiff's complaints about the severity of his pain and in rejecting the opinion of Plaintiff's treating physician, Dr. Epter. As discussed in further detail below, the ALJ rejected Plaintiff's complaints of disabling pain, and several of the reasons underlying his decision to do so are the same reasons the ALJ used to reject Dr. Epter's opinion that Plaintiff could not sustain "light duty work for an eight-hour day." R. 201. Thus, the key issue in this case is whether the ALJ properly discounted Plaintiff's subjective complaints of pain, and thus the Court addresses that issue before evaluating whether the ALJ properly rejected the opinion of Dr. Epter.

4

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, the ALJ acknowledged that Plaintiff had demonstrated evidence of an underlying medical condition in finding that Plaintiff had the severe impairment of degenerative disc disease. R. 13. He further found that this condition could reasonably be expected to give rise to the alleged symptom of back pain. R. 15. However, the ALJ went on to find that Plaintiff's statements "concerning the intensity, persistence, and limiting effects" of this back pain "were not entirely credible." Id. As noted above, in discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so. Foote, 67 F.3d at 1561-62. The Court finds that the ALJ did so here.

In his testimony before the ALJ, Plaintiff stated that his pain was so severe that he was bedridden or forced to lie on the couch several days a week. R. 399-400, 408. He further testified that he did no housework or yardwork. R. 397-98. However, in his opinion, the ALJ noted medical records from December 2005 when Plaintiff sought treatment for a wood chip that got in his eye. R. 15. The medical records note that Plaintiff got the wood chip in his eye because he was chopping or cutting wood. R. 251-52. When asked about the incident at the hearing, Plaintiff explained that he had actually been using pruning shears to cut a branch, which led to the eye injury. R. 408-09. The ALJ's reference in his opinion to Plaintiff's ability to chop wood demonstrates that the ALJ did not believe Plaintiff's explanation, and as noted above, credibility determinations are for the Commissioner. Ryan, 762 F.2d at 942. In any event, the ALJ properly relied on this incident to discredit Plaintiff's complaints of disabling back pain, as "it is difficult to reconcile that [Plaintiff] is bedridden with pain" but can still perform yardwork, whether it was cutting or chopping wood, or using

pruning shears. R. 15. Thus, this incident provides support for the ALJ's decision to discredit Plaintiff's subjective complaints of pain.

In his credibility analysis, the ALJ also noted that none of the objective tests, including MRI scans, CT scans, and x-rays, supported Plaintiff's complaints of disabling pain. Indeed, the ALJ noted an x-ray of Plaintiff's lumbar spine taken in April 2006 that showed <u>mild</u> degenerative disc disease. R. 14, 220. In addition, the ALJ noted that in August 2006, Plaintiff underwent an MRI that showed a <u>small</u> disc protrusion in the L4-5 region. R. 14, 218. Another MRI performed in February 2004, shortly before the alleged onset date, showed <u>stable</u> degenerative disc disease in the L4-5 and L5-S1 regions. R. 14, 266.

The Court also notes that the ALJ relied on evidence of effective treatment of Plaintiff's back pain during the period in which Plaintiff claims he was bedridden from back pain. R. 15. Indeed, the record is replete with references to the effectiveness of the epidural injections Plaintiff was receiving. R. 101, 107, 118, 124, 197-200, 227, 231, 248. Notably, Plaintiff himself testified at the hearing before the ALJ that the treatment he had been receiving during the alleged period of disability reduced the pain "down to nothing or close." R. 401. While Plaintiff apparently lost his insurance coverage when he quit his job and was therefore unable to afford these treatments any longer, R. 401, the fact remains that Plaintiff was receiving relief from his back pain during the period in which he was complaining of disabling back pain.

The Court of course acknowledges Plaintiff's argument that the ALJ mischaracterized one piece of evidence he used in discrediting Plaintiff's complaints of disabling pain, namely

7

the ALJ's reference to a physical therapy note from March 2005. R. 15. The ALJ characterized this note as demonstrating that Plaintiff was able to rake leaves, clean his house, and work in his workshop. Id. In fact, the physical therapy note actually stated that Plaintiff's short-term goals were to be able to rake leaves, clean his house, and work in his yard or workshop with less back pain. R. 135-36. Plaintiff was not able to perform these activities but was in physical therapy for lower back pain with the goal of being able to resume these activities. The Commissioner acknowledges the ALJ's misreading of the evidence in this regard but argues that remand is not warranted on this ground because the ALJ's credibility finding as a whole is supported by substantial evidence in the record. (Doc. no. 10, pp. 17-18); see also Dyer, 395 F.3d at 1211 (noting that the standard of review is "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record"). The Court agrees. Despite this one mischaracterization of the evidence, as described in detail above, the ALJ's credibility finding is supported by substantial evidence as a whole. This evidence includes: (1) objective tests that revealed only minor back problems, R. 218, 220, 266; (2) the December 2005 medical records demonstrating that Plaintiff was cutting or chopping wood, R. 251-52; and (3) other medical records revealing that Plaintiff had been receiving effective treatment for his back pain during his alleged period of disability, R. 101, 107, 118, 124, 197-200, 227, 231, 248. Accordingly, this argument fails to provide a basis for remand.

Having concluded that the ALJ's finding that Plaintiff was not suffering from disabling pain is supported by substantial evidence, the Court turns to Plaintiff's argument that the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Epter, who

administered epidural injections to Plaintiff from 2003 through 2005. R. 98-129, 191-205. In October 2004, Dr. Epter opined that Plaintiff could not perform "light duty work for an eight-hour day." R. 201. The ALJ rejected this opinion, based on his finding that Plaintiff was not suffering from disabling pain. R. 16. As discussed in further detail below, the ALJ used much of the same evidence he used to discredit Plaintiff's subjective complaints of pain to reject Dr. Epter's opinion.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. §§ 404.1527(e).

Here, the ALJ stated that he was rejecting Dr. Epter's opinion regarding Plaintiff's ability to work (or lack thereof) because he found that Plaintiff was not suffering from severe pain. R. 16. Dr. Epter's opinion is based on his review of a functional capacity evaluation ("FCE") administered by an occupational therapist and, in its entirety, states as follows:

> I have just received the FCE report summary for [Plaintiff.] He gave full effort and therefore I believe this to be an accurate and representative evaluation. [Plaintiff] is found to be incapable of sustaining light duty work for an eight-hour day. His functional abilities do not meet his job requirements. My recommendation is that he is referred for an impairment rating.

R. 201. Other than referring to the FCE report performed by an occupational therapist, Dr. Epter does not point to any specific evidence in his own records that demonstrates that Plaintiff was suffering from disabling pain. Rather, his opinion is conclusory in nature. Moreover, Dr. Epter's opinion was inconsistent with the objective medical evidence in the record. As discussed in detail above, several MRIs, CT scans, and x-rays indicate that Plaintiff was suffering from only minor or mild back problems. R. 218, 220, 266. Finally, Dr. Epter's opinion is also inconsistent with his own treatment records. Indeed, Dr. Epter's medical records indicate that although Plaintiff was suffering from back pain, he was receiving effective treatment for it in the form of epidural injections during the alleged period of disability. R. 101-103, 107, 118, 124, 197-200. Because Dr. Epter's opinion was merely conclusory and inconsistent with the objective medical evidence and his own treatment records, the ALJ's decision to reject it is supported by substantial evidence. Lewis, 125 F.3d at 1440. Accordingly, the Court finds that this argument also fails to provide a basis for remand.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE